SHORT *v.* PEPSICO, INC. ET AL.

(No. CI-82-117—Decided February 4, 1983.)

Court of Common Pleas of Paulding County.

*Young & Bandy Co., L.P.A.,* and *Mr. Erwin J. Bandy,* for plaintiff.

*Mr. Donald J. Johnson,* for defendant PepsiCo, Inc.

*Messrs. Jones, Schell & Schaefer* and *Mr. Willis Jones,* for defendant RKO Bottlers.

HITCHCOCK, J. Defendant PepsiCo, Inc. ("PepsiCo") asks summary judgment dismissing the complaint as to it. The court finds the motion presently well-taken and dismisses the action as to movant, without prejudice, for reasons which follow.

The pleadings and other evidentiary

22

matter in the file establish, without dispute, that:

(1) PepsiCo manufactures and sells to bottling companies the concentrate used in the preparation of the soft drink called "Diet-Pepsi" as placed in cans and bottles for sale in the market place.

(2) PepsiCo sells concentrate it manufactures to RKO Bottlers of Fort Wayne ("RKO") as well as other bottlers and canners of "Diet-Pepsi."

(3) RKO Bottlers of Fort Wayne, Indiana, manufactured and sold the can of "Diet-Pepsi" plaintiff alleges he purchased and in which he also alleges there was at the time of purchase a dead spider.

(4) Plaintiff makes no allegation that any concentrate ever sold by PepsiCo to RKO was defective in containing a spider and/or that in fact PepsiCo had any influence on or control over any concentrate made and sold by it to RKO after receipt of same by RKO.

(5) PepsiCo has offered no affirmative evidence that every drop of "Diet-Pepsi" concentrate produced by it was spider-free.

Reasonable minds must, in the opinion of this court, in these circumstances, find that as between plaintiff and moving defendant the documents on file raise no genuine issue of fact for trial. Until or unless it can be shown that there is some ground to believe PepsiCo sold concentrate containing a spider and that the spider's presence in plaintiff's package is attributable to such concentrate so supplied, no cause of action is alleged against PepsiCo. Consequently, the court cannot find that plaintiff has presented a genuine issue of fact which, if proven, would enable plaintiff to recover from defendant PepsiCo. Particularly is this so in light of plaintiff's obligation created by reason of the penultimate sentence in Civ. R. 56(E) pertaining to summary judgments:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

Furthermore, justice requires that no party should be harassed by groundless accusations. In the present posture of this case RKO, if anyone, produced in a sealed package for sale the "Diet-Pepsi" purchased by plaintiff. It, if anyone, has knowledge of what it might have been supplied by PepsiCo and if it has reason to bring in PepsiCo as a party defendant, it may make PepsiCo a defendant.

The complaint as to defendant PepsiCo is dismissed without prejudice.

*Complaint dismissed.*